The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured.
4. Plaintiff's average weekly wage was $392.00.
5. Plaintiff suffered an injury by accident to her knee on February 16, 1994.
6. The defendant-employer admitted liability and certain benefits were paid for the knee.
7. The issues to be determined by the Commission are (1) is plaintiff totally disabled beyond the knee, and (2) are plaintiff's back problems related to the original knee injury.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On February 16, 1994 at approximately 4:50 p.m., while plaintiff was employed as a correctional officer at Nash Correctional Center, she helped break up a fight between inmates Cedric Allen and Daniel Hernandez. During breaking the fight up, the plaintiff hit her left knee hard on the concrete floor. She reported this to the unit supervisor, Edward Conn. Officer Franklin Fleming was with the plaintiff at such time that they broke up the fight.
2. Plaintiff was out of work approximately two weeks and returned to work in her position as a correctional officer. She worked in that position until August 10, 1994, at which point she resigned and subsequently was employed at Rigby Electric Company where she worked one month.
3. Plaintiff did complain about knee pain immediately after the incident, but from February 16, 1994 until she resigned on August 10, 1994, she did not make any documented complaint to anybody at the Department of Correction about any problems with her back. Plaintiff had a reputation of complaining, and based upon the fact that she constantly complained about numerous things, her failure to complain about her back would suggest that she did not have a back problem.
4. Plaintiff's medical treatment has consisted of the following:
 (a) From February 18, 1994, to October 18, 1994, she was treated by Dr. Michael Sunderman at Boyce Willis Clinic.
 (b) From February 24, 1994, to June 16, 1994, she was also seen by Dr. Greg Nelson of Rocky Mount Orthopaedics.
 (c) On March 31, 1994, and July 7, 1994, she was seen by Dr. Tom Rand of Wilson Orthopaedic Surgery and Neurology Center.
5. Plaintiff was seen by Dr. M.B. Horvath, a chiropractor in Rocky Mount, North Carolina, from September 19, 1994 until October 14, 1994. She had an emergency room visit at Wilson Memorial on October 17, 1994, and she first saw Dr. VandenBosch of Wilson Orthopaedic and Neurology Center on October 27, 1994. Plaintiff had some treatment at Matthews Physical Therapy in Rocky Mount, North Carolina, from August 18, 1994 until August 26, 1994.
6. Various medical records were introduced into evidence. The first mention of any back pain on the part of the plaintiff, and any medical notations is found on the June 29, 1994 note of Dr. Sunderman. Prior to that date, Dr. Sunderman, Dr. Nelson, nor Dr. Rand had mentioned any complaint of back pain upon the part of the Plaintiff. In the summary note of Matthews Physical Therapy dated August 18, 1994, it is indicated that plaintiff had a groin pull resulting from stair climbing at work. This same groin injury was referred to on July 5, 1994 in a note by Dr. Sunderman where he indicated she had a groin pull approximately four weeks prior to July 5, 1994, while climbing stairs, and did not have a distinct injury. In his July 5, 1994 note, Dr. Nelson did not mention any back injury.
7. Dr. VandenBosch was deposed but did not have the benefit of the medical treatment notes of the plaintiff as generated by Dr. Sunderman, Dr. Nelson, Dr. Horvath, and Matthews Physical Therapy. Dr. VandenBosch had not even read the treatment notes of Dr. Rand, his medical partner in regards to the plaintiff, who had treated the plaintiff months before he did, and immediately after the accident. After reviewing the other medical records, Dr. VandenBosch changed his opinion that the back injury was probably from the February 16, 1994 work incident to "I think is certainly possible." Dr. VandenBosch indicated that he was certainly surprised by the fact that all previous medical records had not mentioned back pain, and that the medical records of these other medical professionals were not consistent with severe pain in her lower back at such time the plaintiff stated she had the same. Again on page 61 of his deposition, Dr. VandenBosch stated that it was "possible" that plaintiff's back was related to the February 16 incident, but did not state "probable."
8. It was inconceivable to think that if the plaintiff injured her back as a result of the February 1994 incident, she would not have mentioned any pain she was experiencing in her back from that fall to the three orthopaedic doctors, Dr. Sunderman, Dr. Nelson, and Dr. Rand, whom she was seeing from February until June 29, 1994.
9. Plaintiff did not injure her back as a result of the injury of February 16, 1994 when she injured her knee.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff did not carry the burden of proof that she injured her back at the time of the knee injury, she is not entitled to compensation for the back injury.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of her knee injury. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation for the back injury is HEREBY DENIED.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of her original knee injury.
3. Plaintiff is entitled to no further temporary total disability benefits resulting from her knee as her problems now are related to her back which is not the result of her original injury by accident.
4. Each side shall pay its own costs.
* * * * * * * * * * *
FOR THE FULL COMMISSION
 S/ __________________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/24/96